IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**EQT PRODUCTION COMPANY,**
a Pennsylvania Corporation,

        Plaintiff,

v.                              **CIVIL ACTION NO. 5:23-CV-332**
                                     Judge Bailey

**AIG SPECIALTY INSURANCE COMPANY,**
a foreign corporation and **COMMERCE AND**
**INDUSTRY INSURANCE COMPANY,**
a foreign corporation,

        Defendants.

## ORDER

Pending before this Court is a Joint Motion for Continuance of Scheduling Order [Doc. 14], filed August 20, 2024.  Therein, the parties request this Court to amend the current Scheduling Order to extend all prospective dates within that Order a period of not less than ten (10) months.

Plaintiff's claims arise out of its requests for a defense and indemnification in three (3) different underlying lawsuits.  The Stevenson Complaint[1] and the Ludwig Complaint[2] alleged personal injuries sustained by individuals.  The Scottsdale Complaint[3] represents a subrogation action filed by Scottsdale Insurance Company, the property owner of

---

[1] See [Doc. 1 at ¶¶ 8–16].

[2] See [Doc. 1 at ¶¶ 8, 17–18].

[3] See [Doc. 1 at ¶¶ 8, 19–21].

Brennon Rail Services, LLC, to recover property insurance proceeds from plaintiff (and others) that Scottsdale paid to Brennon Rail Services, LLC.

The parties assert in the Motion that since plaintiff filed its Complaint in the above-styled action, "both the Stevenson Complaint and the Ludwig Complaint [have been] resolved, rendering moot those portions of the claims asserted by [plaintiff] in Count 1 (Declaratory Judgment) and Count II (Breach of Contract) that relate to the Stevenson Complaint and the Ludwig Complaint." See [Doc. 14 at 2].

Furthermore, the parties assert that the "subrogation claims asserted in the Scottsdale Complaint have not resolved" and plaintiff has recently filed a motion for summary judgment in that action, which is currently pending. Plaintiff further "believes that the litigation of the Scottsdale Complaint may resolve, by motion or otherwise, within 8–10 months." See [id.].

In a footnote, the parties state:

[I]f the Scottsdale Complaint is resolved without any payment by [plaintiff] to Scottsdale, then [plaintiff] would no longer need to pursue a claim for indemnification from ASIC and CIIC for that claim. If, however, Scottsdale receives a judgment that requires payment from [plaintiff], then [plaintiff's] indemnity claim would remain a part of this civil action.

[Id. at fn.1].

Based on the information contained in the Motion, it appears to this Court that the above-styled action may become moot in its entirety after the Scottsdale Complaint is resolved. Therefore, this Court will **STAY** the above-styled action from the active docket

of this Court. The Joint Motion for Continuance of Scheduling Order [**Doc. 14**] is **DENIED AS MOOT**. The parties are **DIRECTED** to provide this Court with a status report within **fourteen (14) days** of the conclusion of the Scottsdale Complaint in the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 21, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**